937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOCAL 3 INTERNATIONAL GUARDS UNION OF AMERICA, B.P.
Adkisson, R.E. Anderson, J.S. Brooks, P.W. Evans, E.D.
Foster, B.C. Grizzle, D.J. Johnson, E.H. Knaff, L.E. Kreis,
C. Loggins, E.G. McCall, G.A. Melton, C.H. Monday, R.J.
Nagle, P. O'Neal, W.M. Oody, P.R. Osborne, C.A. Schulman,
J.M. Smith, R.G. Somers, C.L. Turner, E.E. Turner, J.T.
Wilkerson, P.E. Brackett, I.S. Campbell, T.S. Moore, P.
Baird-Smith, H.S. Barnes, J.F. Grubb, E.M. May-Miller, C.R.
Edwards, W.J. Billingsley, E.O. Larson, K.T. Beckham, D.S.
Sheffield, E.D. Foster, J.A. Coffey, J.E. Wolfe, H.G. Long,
and C.A. Thomas, Plaintiffs-Appellants,
v.
MARTIN MARIETTA ENERGY SYSTEMS, INC., Defendant-Appellee.
 No. 90-5437.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1991.
 
 Before DAVID A. NELSON, Circuit Judge, KRUPANSKY, Senior Circuit Judge,* and GILMORE, District Judge.**
 PER CURIAM.
 
 
 1
 Local 3 and forty individual plaintiffs appeal from a summary judgment entered against them in an action filed pursuant to the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq. We refer the reader to the district court's memorandum opinion of February 20, 1990, for a recitation of the pertinent facts. The plaintiffs contend that the district court erred in concluding: (1) that the plaintiffs' EEOC charge was not timely filed; (2) that the plaintiffs' claims were barred by the applicable statute of limitations; and (3) that the standards implemented by the defendant constituted bona fide occupational qualifications within the meaning of 29 U.S.C. Sec. 623(f). We agree with the district court's resolution of issues (1) and (2), and we shall affirm the judgment without reaching issue (3).
 
 
 2
 * 29 U.S.C. Sec. 626(d) provides, in pertinent part, as follows:
 
 
 3
 "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed ...
 
 
 4
 (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred...."
 
 
 5
 We have held that compliance with Sec. 626(d) is mandatory: "a plaintiff must file a claim of ADEA violation with the EEOC ... [within the time period provided by statute], failing which, any suit under the ADEA filed in the federal district court will be dismissed as untimely." Janikowski v. Bendix Corp., 823 F.2d 945, 947 (6th Cir.1987).
 
 
 6
 The Supreme Court has held that determining the timeliness of an EEOC charge "requires [the court] to identify precisely the 'unlawful employment practice' of which [the plaintiff] complains." Delaware State College v. Ricks, 449 U.S. 250, 257 (1980). The Court has also emphasized that "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (emphasis in original). The statutory period begins to run, for example, when an employee receives a notice of termination, not when his employment actually ceases. See Janikowski, 823 F.2d at 947.
 
 
 7
 In the case at bar the plaintiffs' complaint describes the "unlawful practice" as follows:
 
 
 8
 "On or about December 25, 1986 [sic: should read '1985'], the defendant terminated the individual plaintiffs and unjoined members of the class from their employment despite the fact that each such person was qualified to perform their job and was satisfactorily performing their job. The age of each such person was a determining factor in the defendant's decision to terminate employment."
 
 
 9
 The plaintiffs' EEOC charge was not filed until December 5, 1986--more than 300 days after the plaintiffs had been discharged. The plaintiffs contend on appeal that the defendant's conduct constituted a continuing violation that tolled the time in which they were required to file a charge with the EEOC, but we believe that the district court correctly characterized the conduct in question as a "one-time" event. As to each plaintiff, the allegedly discriminatory act occurred when that plaintiff's employment was terminated. Because the complaint contains no "other allegations ... of illegal acts subsequent to [this] date," Chardon, 454 U.S. at 8, the district court did not err in concluding that the alleged violation was not "continuing" and, therefore, that the plaintiffs' EEOC charge was not timely filed.
 
 II
 
 10
 The appropriate statute of limitations is found in 29 U.S.C. Sec. 255, which provides, in pertinent part, as follows:
 
 
 11
 "every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."
 
 
 12
 In their briefs, the plaintiffs offer several arguments as to why their complaint--filed on December 22, 1988--was filed within the statutory time period. Only two of these arguments were presented to the district court, and they are the only ones we need consider on appeal: (1) that the defendant's actions constituted a continuing violation, thereby tolling the running of the statute, and (2) that the defendant's actions were "willful," which meant that the limitations period was extended to three years.
 
 
 13
 As discussed above, the alleged violation of the ADEA occurred in December of 1985; there was no continuing violation that would toll the running of the statute of limitations as to any of the plaintiffs in this case.
 
 
 14
 A violation of the ADEA is "willful," moreover, "only if age was the predominant factor in the [defendant's] decision." Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 158 (6th Cir.1988). No such showing has been made in the case at bar. The predominant factor was the plaintiffs' inability to pass physical fitness tests prescribed by the federal government for jobs of the sort held by the plaintiffs.
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert B. Krupansky, United States Circuit Judge for the Sixth Circuit, assumed senior status on July 1, 1991
 
 
 **
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation